FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 21, 2018 ★
Rec'd 8/24/18
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X          NOT FOR PUBLICATION
RUSSELL SPAIN,

            Petitioner,                **MEMORANDUM & ORDER**
                                        18-CV-4037 (KAM)(LB)
            -against-

PAMELA L. FISHER, Judge of Kings
County Supreme Court,

            Respondent.
----------------------------------X
**MATSUMOTO, United States District Judge:**

        On July 13, 2018, petitioner Russell Spain ("petitioner"), appearing *pro se*, filed this petition for a "non-statutory" writ of habeas corpus. (ECF No. 1, Petition ("Pet.").) Petitioner has paid the statutory filing fee to commence this action. (ECF Entry dated 7/13/18.) For the reasons set forth below, the petition is dismissed.

### BACKGROUND

        This action relates to petitioner's pending state court action against Shenese Jones in the Supreme Court of the State of New York, County of Kings, under Index Number 2613/2017. (ECF No. 1, Pet. at 6, 19-20, 22-27.) Previously, petitioner filed a complaint against the attorneys representing Shenese Jones in the same state court matter. *See Spain v. Gelb and Black P.C.*, No. 18-cv-1551 (KAM) (LB). By Memorandum and

1

Order dated May 2, 2018, the court dismissed the prior complaint for lack of subject matter jurisdiction.

In this action, petitioner seeks the court's intervention in the pending state court action in the form of a "non-statutory" writ of habeas corpus. (ECF No. 1, Pet. at 1, 19, 27.) He alleges that his motion for summary judgment is currently pending in state court and that Shenese Jones has "defaulted" numerous times, but that "no judgment has been rendered." (*Id.* at 20.) Petitioner therefore moves "this court to order Kings County Supreme Court (2613/2017) [to] provide proof of why [his] rights (judicial relief, due process) are being held indefinitely." (*Id.* at 21.)

## **DISCUSSION**

Petitioner cannot satisfy the requirements for a writ of habeas corpus. Petitioner contends that he is entitled to relief under the "non-statutory writ of habeas corpus," and cites to various inapplicable cases in support of his argument. (ECF No. 1, Pet. at 1; *see, e.g.*, *id.* at 12, 16.) A federal court may issue a writ of habeas corpus to an individual held in custody by the federal or state government and in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. The term "custody" refers to individuals who, as a result of a criminal conviction, are subject to "substantial restraints not shared by the public

2

generally." *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 510 (1982); *see also Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351 (1973). Petitioner has not alleged that he is in state or federal custody, even when the court liberally construes the petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (requiring courts to liberally construe *pro se* litigants' submissions). Accordingly, habeas corpus relief is not appropriate or available in this matter.

Moreover, this court cannot intervene in a pending case that petitioner filed in state court simply because he does not like the Kings County Supreme Court's rulings or the pace of the litigation before the state court. *See Younger v. Harris*, 401 U.S. 37, 54 (1971); *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); *Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk County*, 805 F.3d 425 (2d Cir. 2015) (holding *Younger* abstention warranted in lawsuit filed in state court which implicated how New York state courts manage divorce and custody proceedings); *Spain v. Gelb and Black P.C.*, No. 18-cv-1551 (KAM) (LB), slip op. at 4 (E.D.N.Y. May 2, 2018) ("[P]laintiff appears to be dissatisfied with the procedures and pace of this pending state court case. Such dissatisfaction, however, does not form the basis for a plausible claim against defendant [Gelb and Black P.C.] in federal court, and

3

plaintiff's attempt to couch his claims under various inapplicable federal statutes does not alter that conclusion.").

## CONCLUSION

Accordingly, petitioner's application for a writ of habeas corpus is dismissed. Because this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). Although petitioner paid the filing fee, the court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing this petition, mail a copy of this Order and the judgment to petitioner and note service on the docket, and close the case. **SO ORDERED.**

                                              /s/
                            **KIYO A. MATSUMOTO**
                            United States District Judge
                            Eastern District of New York

Dated: August 20, 2018
       Brooklyn, New York